**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAFAEL GONZALEZ-RINCON, | No. 18-71897 |
| Petitioner, | Agency No. A205-299-652 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2025[**]
Portland, Oregon

Before: McKEOWN and SUNG, Circuit Judges, and FITZWATER, District
Judge.[***]

Rafael Gonzalez-Rincon petitions for review of an order by the Board of

Immigration Appeals ("BIA") affirming the denial of his applications for

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

withholding of removal and protection under the Convention Against Torture ("CAT"). He does not challenge the denial of his application for asylum as time-barred. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings underlying an order of removal, which "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

Substantial evidence supports the adverse credibility finding by the immigration judge ("IJ"), which derived from differences between Gonzalez-Rincon's 2014 and 2017 asylum applications and his failure to provide a consistent explanation for omissions in the 2014 application. *See Kalulu v. Bondi,* 128 F.4th 1009, 1014–22 (9th Cir. 2024) (discussing substantial evidence standard for reviewing an IJ's adverse credibility determination).

Alternatively, the BIA affirmed the deportation order assuming, *arguendo*, the truth of Gonzalez-Rincon's testimony regarding his father's murder in 1985 and the dangers his family faced. The BIA agreed with the IJ that Gonzalez-Rincon failed to demonstrate eligibility for withholding of removal based on a clear probability that he would be subjected to persecution as a member of his proposed particular social groups. Substantial evidence supports the BIA's finding that Gonzalez-Rincon's fear of harm was too speculative to support a claim for relief. *See Gonzalez-Lara v. Garland*, 104 F.4th 1109, 1116 (9th Cir. 2024)

(concluding that lack of past persecution of the petitioner and ongoing safety of family members residing in their home country constitutes substantial evidence to support the BIA's denial of petition for asylum and withholding of removal).

We also deny the petition for review of the BIA's denial of CAT protection. The BIA considered "all evidence relevant to the possibility of future torture." *Parada v. Sessions*, 902 F.3d 901, 914–15 (9th Cir. 2018) (quoting 8 C.F.R. § 1208.16(c)(3)). Substantial evidence supports the BIA's finding that Gonzalez-Rincon failed to demonstrate that it is more likely than not that he will face torture if returned to Mexico. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020) (describing standard of review and eligibility for CAT relief).

The temporary stay of removal remains in place until the mandate issues.

**PETITION DENIED.**